*Judgment will be entered pursuant to Rule 50.*

WILL M. OTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13713.   Promulgated March 14, 1929.

*Norman Quale, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

868

OPINION.

TRUSSELL: The only question presented is whether or not the 500 shares of stock received by petitioner in 1920 in exchange for the assets of his individual hardware business had a market value upon which a taxable gain in the transaction could be determined under section 202(b) of the Revenue Act of 1918, providing that:

When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the extent of its fair market value, if any; * * *

Respondent contends that the three sales of stock by petitioner at $94 per share immediately after its issuance to him fixes this as its fair market value. Petitioner contends that these sales were not on the market and did not indicate its value as they were made to individuals under peculiar circumstances and the payment of this price was induced by consideration other than the acquisition of the stock.

It is, we think, a well-recognized rule that in determining whether a stock has a fair market value at a certain date, sales of stock at or near that date may be looked to but the circumstances of such sales must be considered, and such of them as are shown to have been due to conditions other than a market created by buyers and sellers with only the purpose of disposing of or acquiring the stock can not be considered as proving a market or a fair market price. *Walter* v. *Duffy*, 287 Fed. 41. In *Phillips* v. *United States*, 12 Fed. (2d) 598, the court said:

The stock sales made from time to time are to be considered together with the nature and extent of the sales and the circumstances under which they are made; hence forced sales or sales of small lots, may often be no real indication of value.

In *Premier Packing Co.*, 12 B. T. A. 637, in holding that sales of stock at par to certain organizers of a corporation who were to receive salaried positions with the corporation did not prove a market or a value for the stock, we said:

The mere fact of one or more sales of stock at a given figure does not in itself prove that to be its fair market value. The circumstances in connection with such sales must be considered and if they be shown to have been made under peculiar conditions indicating some inducing cause other than the mutual desire of seller and buyer to make on the one hand an advantageous disposal, and on the other a wise purchase, they can not be considered as determining a fair market value for the stock. * * *

In the present case it is admitted that no sales of stock were made other than the three to Isenberg, Case, and Seyler; that aside from these sales no offer either to sell or buy has ever been made, and that the purchases of stock by the three parties named at the price of $94 per share would not have been made had it not been agreed that they would in consequence be given salaried positions with the corporation. Upon these facts we hold that the sales of stock to these three parties do not prove a market as existing for the stock or a fair market value of $94 per share, and that it is satisfactorily shown that the stock had no market value when acquired by petitioner and there was accordingly no loss or gain as a result of the exchange of assets therefor.

Petitioner admits a profit on the sales of stock to Isenberg, Case, and Seyler and appeals only from that portion of the deficiency as represents a profit determined in respect to the balance of the 500 shares of stock. The cost of the 500 shares of stock to petitioner was $33,736.43 or $67.47 per share, and the difference between this figure and $94 represents his profit on each of these 112 shares sold.

*Judgment will be entered pursuant to Rule 50.*